WOOD, SMITH, HENNING, AND BERMAN, LLP
Robert W. Hellner, Esq.
Christopher F. Lyon, Esq.
685 Third Avenue, 18th Floor
New York, New York 10017
Tel: (212) 999-7100
Fax: (212) 999-7139
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
 -------------------------------------------------------- x
Derrick Anderson, *on behalf of himself and all*
*others similarly situated,*

                              Plaintiff,

              -against-

The Mermaid Holding Company, LLC,

                         Defendant.
-------------------------------------------------------x

Case No.: 1:17-cv-03696 (KPF) (AJP)

**ANSWER TO**
**COMPLAINT**

       Defendant, THE MERMAID HOLDING COMPANY, LLC, by and through its counsel of record, Wood, Smith, Henning, and Berman, LLP, hereby respond to the enumerated paragraphs of the Complaint, filed on May 16, 2017, in the above-captioned action as follows:

<u>**INTRODUCTION**</u>

       1.      Defendant denies knowledge or information sufficient to form a belief as to the plaintiff's purported intent in filing the class action as described in Paragraph 1 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint and leaves all questions of law to the Court.

       2.      Defendant denies knowledge or information sufficient to form a belief as to the description of the plaintiff as described in Paragraph 2 of the Complaint.  Defendant denies the

remaining allegations contained in Paragraph 2 of the Complaint and leaves all questions of law to the Court.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint and leaves all questions of law to the Court.

4.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 4 of the Complaint and leaves all questions of law to the Court.

5.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 5 of the Complaint and leaves all questions of law to the Court.

6.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint and leaves all questions of law to the Court.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint and leaves all questions of law to the Court.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 10 of the Complaint pertaining to the plaintiff's activities and intentions.   Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint pertaining to the purpose of the Complaint.

2

Defendant denies any wrongful conduct on the part of Defendant.  Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.

    a.  Defendant denies the applicability of the "ADA" to the named Defendant. Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 12(a) of the Complaint and leaves all questions of law to the Court.

    b.  Defendant denies the allegations contained in Paragraph 12(b) of the Complaint and leaves all questions of law to the Court.

13.    Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint and leaves all questions of law to the Court.

15.    Defendant admits that it is registered to do business in New York State.  Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

## PARTIES

16.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 16 of the Complaint.

17.    Defendant denies that the plaintiff has been denied full enjoyment and denies the existence of any barriers and/or inaccessibility.  Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained within Paragraph 17 of the Complaint.

18.     Defendant admits that it is a limited liability company organized under the laws of the State of New York and that its registered Department of State Process address is Warren Wynshaw, Esq., 2 Summit Court #302, Fishkill, NY 12524.   Defendant denies the remaining allegations contained within Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained within Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained within Paragraph 20 of the Complaint.

## CLASS ACTION ALLEGATIONS

21.     Defendant denies that a basis for certification has been stated as alleged in Paragraph 21 of the Complaint and leaves all questions of law to the Court.

22.     Defendant denies that a basis for certification has been stated as alleged in Paragraph 22 of the Complaint and leaves all questions of law to the Court.

23.     Defendant denies the allegations contained within Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained within Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained within Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained within Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained within Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained within Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained within Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint does not make an allegation and thus no response is required.   To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to those allegations contained within Paragraph 30 of the Complaint and leaves all questions of law to the Court.

## FACTUAL ALLEGATIONS

31.     Defendant denies the allegations contained within Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained within Paragraph 32 of the Complaint.

33.     Defendant admits that themermaidnyc.com is a website that permits a user to see menus and find restaurant locations.  Defendant denies the remaining allegations set forth within Paragraph 33 of the Complaint.

34.

    a.  Defendant denies the allegations contained in Paragraph 34(a) of the Complaint and leaves all questions of law to the Court.

    b.  Defendant denies the allegations contained in Paragraph 34(b) of the Complaint and leaves all questions of law to the Court.

    c.  Defendant denies the allegations contained in Paragraph 34(c) of the Complaint and leaves all questions of law to the Court.

    d.  Defendant denies the allegations contained in Paragraph 34(d) of the Complaint and leaves all questions of law to the Court.

    e.  Defendant denies the allegations contained in Paragraph 34(e) of the Complaint and leaves all questions of law to the Court.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.    Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.    Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.    Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 48 of the Complaint pertaining to any actions or inactions taken by the plaintiff.  Defendant denies the remaining allegations contained within Paragraph 48 of the Complaint and leaves all questions of law to the Court.

49.    Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.    Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.    Defendant denies the allegations contained in Paragraph 51 of the Complaint.

    a.  Defendant denies the allegations contained in Paragraph 51(a) of the Complaint.

    b.  Defendant denies the allegations contained in Paragraph 51(b) of the Complaint.

    c.  Defendant denies the allegations contained in Paragraph 51(c) of the Complaint.

    d.  Defendant denies the allegations contained in Paragraph 51(d) of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of 42 U.S.C. §§ 12181, *et seq.* --- Title III of the Americans with Disabilities Act
(on behalf of Plaintiff and the Class)**

53.     As to Paragraph 53 of the Complaint, Defendant repeats and reiterates, as if more fully set forth herein, the foregoing responses set forth in Paragraphs 1 through 52 *infra*.

54.     Paragraph 54 of the Complaint asserts a legal conclusion, for which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including 42 U.S.C. § 12182(a) and 42 U.S.C. § 12181(b)(2)(D)(I) and leaves all questions of law to the Court.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint asserts a legal conclusion, for which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including Title III of the ADA and 42 U.S.C. § 12182(b)(1)(A)(I), and leaves all questions of law to the Court.

58.     Paragraph 58 of the Complaint asserts a legal conclusion, for which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including Title III of the ADA and 42 U.S.C. § 12182(b)(1)(A)(II), and leaves all questions of law to the Court.

59.     Paragraph 59 of the Complaint asserts a legal conclusion, for which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth

therein to the extent they are inconsistent with the cited and quoted laws, including Title III of the ADA and 42 U.S.C. § 12182(b)(2)(A)(II), and leaves all questions of law to the Court.

60.     Paragraph 60 of the Complaint asserts a legal conclusion, for which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including Title III of the ADA and 42 U.S.C. § 12182(b)(2)(A)(III), and leaves all questions of law to the Court.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint..

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

## SECOND CAUSE OF ACTION

**Violation of New York State Human Rights Law, N.Y. Exec Law,
Article 15 (Executive Law § 292 *et seq*.
(on behalf of Plaintiff and New York subclass)**

69.     As to Paragraph 69 of the Complaint, Defendant repeats and reiterates, as if more fully set forth herein, the foregoing responses set forth in Paragraphs 1 through 68 *infra*.

70.     Paragraph 70 of the Complaint asserts a legal conclusion, for which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including N.Y. Exec Law § 296(2)(a), and leaves all questions of law to the Court.

71.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 71 of the Complaint pertaining to the classification of "MERMAID NYC Restaurants."   Defendant denies the remaining allegations contained within Paragraph 71 of the Complaint and leaves all questions of law to the Court.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint asserts a legal conclusion, for which no response is required.   To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including N.Y. Exec Law § 296(2)(c)(I), and leaves all questions of law to the Court.

75.     Paragraph 75 of the Complaint asserts a legal conclusion, for which no response is required.   To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including N.Y. Exec Law § 296(2)(c)(II), and leaves all questions of law to the Court.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

a.   Defendant denies the allegations set forth in Paragraph 77(a) of the Complaint.

b.   Defendant denies the allegations set forth in Paragraph 77(b) of the Complaint.

c.   Defendant denies the allegations set forth in Paragraph 77(c) of the Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint.

### THIRD CAUSE OF ACTION

**(Violation of New York State Civil Rights Law, NY CLS Civ R,
Article 4 (CLS Civ R § 40 *et seq.*)
(on behalf of Plaintiff and New York subclass)**

84.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 84 of the Complaint.

85.     As to Paragraph 85 of the Complaint, Defendant repeats and reiterates, as if more fully set forth herein, the foregoing responses set forth in Paragraphs 1 through 84 *infra.*

86.     Paragraph 86 of the Complaint asserts a legal conclusion, for which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including N.Y. Civil Rights Law § 40, and leaves all questions of law to the Court.

87.     Paragraph 87 of the Complaint asserts a legal conclusion, for which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including N.Y. Civil Rights Law § 40-c(2), and leaves all questions of law to the Court.

88.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 88 of the Complaint pertaining to the classification of

"MERMAID NYC Restaurants."   Defendant denies the remaining allegations contained within Paragraph 88 of the Complaint and leaves all questions of law to the Court.

89.     Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint asserts a legal conclusion, for which no response is required.   To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including N.Y. Civil Rights Law § 41, and leaves all questions of law to the Court.

93.     Paragraph 93 of the Complaint asserts a legal conclusion, for which no response is required.   To the extent that a response is required, Defendant denies the allegations set forth therein to the extent they are inconsistent with the cited and quoted laws, including N.Y. Civil Rights Law § 41-d, and leaves all questions of law to the Court.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

### FOURTH CAUSE OF ACTION

**(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York subclass)**

97.     As to Paragraph 97 of the Complaint, Defendant repeats and reiterates, as if more fully set forth herein, the foregoing responses set forth in Paragraphs 1 through 96 *infra.*

98.     Paragraph 98 of the Complaint asserts a legal conclusion, for which no response is required.   To the extent that a response is required, Defendant denies the allegations set forth

therein to the extent they are inconsistent with the cited and quoted laws, including N.Y.C. Administrative Code § 8-107(4)(a), and leaves all questions of law to the Court.

99.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained within Paragraph 99 of the Complaint pertaining to the classification of "MERMAID NYC Restaurants."   Defendant denies the remaining allegations contained within Paragraph 99 of the Complaint and leaves all questions of law to the Court.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

      a.    Defendant denies the allegations contained in Paragraph 102(a) of the Complaint.

      b.    Defendant denies the allegations contained in Paragraph 102(b) of the Complaint.

      c.    Defendant denies the allegations contained in Paragraph 102(c) of the Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

## FIFTH CAUSE OF ACTION

### Declaratory Relief
### (on behalf of Plaintiff and the Class)

109.     As to Paragraph 109 of the Complaint, Defendant repeats and reiterates, as if more fully set forth herein, the foregoing responses set forth in Paragraphs 1 through 108 *infra*.

110.     Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.     Defendant denies the allegations contained in Paragraph 111 of the Complaint.

### PRAYER FOR RELIEF

112.     Defendant denies the allegations and plaintiff's entitlement to any relief described in the unnumbered WHEREFORE Clause of the Complaint and sub-paragraphs "a." through "h."

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

113.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

114.     The plaintiff's purported claims are barred in whole or in part by the doctrines of waiver, unclean hands, estoppel, and laches.

### THIRD AFFIRMATIVE DEFENSE

115.     The plaintiff's claims, are barred because, to the extent access barriers alleged by the plaintiff exist, which the defendant explicitly denies and merely states for the purpose of this affirmative defense, the modification of such barriers is not readily achievable.

### FOURTH AFFIRMATIVE DEFENSE

116.     The requested changes would constitute an undue burden.

### FIFTH AFFIRMATIVE DEFENSE

117.     The subject restaurants' staff are always available to assist customers.

13

## SIXTH AFFIRMATIVE DEFENSE

118.    The subject restaurants have already begun making readily achievable changes, thus rendering the plaintiff's demand for injunctive relief moot.

## SEVENTH AFFIRMATIVE DEFENSE

119.    The plaintiff does not have standing to bring the instant action and/or to assert all of the claims made therein.

## EIGHTH AFFIRMATIVE DEFENSE

120.    The requested changes would require a fundamental alteration(s).

## NINTH AFFIRMATIVE DEFENSE

121.    The plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as other persons similarly situated, are barred, in whole or in part, by the applicable statute of limitations including, but not limited to, the New York Executive Law § 297(5) and the New York City Administrative Code Chapter 5 § 8-502.

## TENTH AFFIRMATIVE DEFENSE

122.    The Complaint is barred, in whole or in part, by the plaintiff's failure to satisfy the statutory and/or administrative prerequisites to bringing this action.

## ELEVENTH AFFIRMATIVE DEFENSE

123.    To the extent any violations of the Americans with Disabilities Act, New York State Human Rights Law, New York City Human Rights Law and/or applicable regulations exist at the Premises, defendant has no obligation to correct them as such correction would be structurally impractical, technically infeasible and/or an undue burden within the meaning of the applicable statute or regulation.

14

## TWELFTH AFFIRMATIVE DEFENSE

124.    Upon information and belief, the plaintiff has failed to mitigate his damages, to the extent he is entitled to such damages, as he failed to bring to the attention of the defendant any alleged barrier, and failed to request that the defendant provide any alternate access to the website.

## THIRTEENTH AFFIRMATIVE DEFENSE

125.    The website referred to in the Complaint is not a place of public accommodation under Title III.

## FOURTEENTH AFFIRMATIVE DEFENSE

126.    The subject restaurants have made reasonable modifications in policies, practices and procedures to the extent necessary to afford goods, services, facilities, privileges, advantages or accommodations to disabled individuals.

## FIFTEENTH AFFIRMATIVE DEFENSE

127.    The plaintiff's claims, are barred in whole or part because access barriers in the website have been removed sufficient to satisfy the "readily achievable" standard to the extent applicable.

## SIXTEENTH AFFIRMATIVE DEFENSE

128.    The plaintiff's claims are barred, in whole or in part, as any and all alterations to the website are sufficient in that they satisfy the "maximum extent feasible standard," to the extent applicable.

## SEVENTEEN AFFIRMATIVE DEFENSE

129.    Any and all damages sought by the plaintiff must be limited by the applicable statutory limits on recovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

130.   The plaintiff's claims are barred as the defendant has complied with all applicable federal, state and local laws, rules and regulations.

## NINETEENTH AFFIRMATIVE DEFENSE

131.   The plaintiff's claims are barred because, to the extent access barriers alleged by the plaintiff exist, which the defendant explicitly denies and merely states for the purpose of this affirmative defense, the barriers are *de minimis* and/or are within conventional programming/information technologies industry tolerances.

## TWENTIETH AFFIRMATIVE DEFENSE

132.   The plaintiff fails to allege facts or a cause of action against the defendant sufficient to support a claim for attorneys' fees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

133.   The plaintiff is not entitled to damages or attorney's fees because the plaintiff acted in bad faith by failing to give the defendant notice of alleged violations prior to filing lawsuit, when alleged violations could have been handled in a cost-efficient manner, in a transparent attempt to extract a settlement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

134.   The plaintiff has failed to show an injury-in-fact or a threat of real and immediate harm and, therefore is not entitled to injunctive relief.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

135.   The access barriers as alleged by plaintiff, which are expressly denied but stated herein for the purpose of the affirmative defense only, do not prevent plaintiff's full and equal enjoyment of the goods and services available at the related physical establishment as alleged.

16

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

136.    The plaintiff's claims, are barred in whole or part pursuant to 28 C.F.R. § 36.403(f) in that any alleged alteration required to conform is disproportionate to the overall alteration, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

137.    The Complaint was not initiated in good faith and is barred by the doctrine of unclean hands.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

138.    The Complaint must be dismissed because the plaintiff has not shown, and does not have, a good faith intent to return to the subject website and patronize the allegedly related physical locations.

139.    This is one of seventeen (17) ADA cases brought by the plaintiff (represented by the same attorney) in the United States District Court Southern District of New York and Eastern District of New York since January 2017.

140.    Upon information and belief, the plaintiff lacks standing as he is a serial ADA litigant who has and continues to pursue a course of litigation instituted without sufficient grounds and serving only to cause annoyance and expense to this and other similarly situated defendants for the purpose of recovery of attorney's fees under the ADA.

141.    As of the present day, the plaintiff has instituted in the United States District Court Southern District of New York and Eastern District of New York the following seventeen (17) cases (inclusive of the present action):

**EDNY**

1:2017-cv-03880          Anderson v. Tiny You, Inc.          filed 6/28/17

17

| | | |
|---|---|---|
| 1:2017-cv-03798 | Anderson v. The RBM Group, LLC, et al. | filed 6/23/17 |
| 1:2017-cv-03261 | Anderson v. Derossi Global LLC | filed 5/31/17 |
| 1:2017-cv-02923 | Anderson v. Amsterdam Hospitality Group, LLC, et al. | filed 5/12/17 |
| 1:2017-cv-01203 | Anderson v. Guess ?, Inc. | filed 3/2/17 closed 7/21/17 |
| 1:2017-cv-01057 | Anderson v. Club Monaco U.S., LLC | filed 2/24/17 |
| 1:2017-cv-01055 | Anderson v. Lululemon USA Inc. | filed 2/24/17 closed 7/28/17 |
| 1:2017-cv-01056 | Anderson v. Cameron Mitchell Restaurants, LLC | filed 2/24/17 closed 7/13/17 |
| 1:2017-cv-03801 | Anderson v. BPOB LLC | filed 6/23/17 |
| 1:2017-cv-03263 | Anderson v. Texas de Brazil (NY) Corporation, et al. | filed 5/31/17 |
| 1:2017-cv-01202 | Anderson v. Fogo de Chao 53rd Street, New York LLC | filed 3/2/17 |
| 1:2017-cv-03879 | Anderson v. Mini Jake Inc. | filed 6/28/17 |
| 1:2017-cv-02134 | Anderson v. Phillips Bryant Park LLC | filed 4/7/17 |
| 1:2017-cv-02133 | Anderson v. Sela Group Hotel LLC | filed 4/7/17 |

**SDNY**

| | | |
|---|---|---|
| 1:2017-cv-03696 | Anderson v. The Mermaid Holding Company, LLC | filed 5/16/17 |
| 1:2017-cv-03695 | Anderson v. Alcone Company, Co. | filed 5/16/17 |
| 1:2017-cv-03697 | Anderson v. The RBM Group LLC | filed 5/16/17 |

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

142.    Defendant is under no obligation to make the subject website accessible under the ADA where alternative accessible options are provided.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

143.    Plaintiff cannot properly assert class claims and cannot certify a class because he cannot satisfy the requirements of Fed. R. Civ. P. Rule 23.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

144.    The defendant reserves the right to supplement these affirmative defenses as necessary based upon the evidence and information learned or revealed during the course of discovery in this matter and to amend its Answer accordingly.


Dated: New York, New York
        August 8, 2017

                                    Wood, Smith, Henning, and Berman, LLP

                                    By: _____
                                        Robert W. Hellner, Esq.
                                        Christopher F. Lyon, Esq.
                                        685 Third Avenue, 18th Floor
                                        New York, New York 10017
                                        (212)999-7100(t)
                                        (212)999-7139(f)
                                        rhellner@wshblaw.com

                                    *Attorneys for Defendant*
                                    *The Mermaid Holding Company, LLC*